STATE of Missouri, Respondent,

v.

Jay C. TAYLOR, Appellant.

No. WD 37522.

Missouri Court of Appeals, Western District.

March 10, 1987.

As Modified April 2, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1987.

Application to Transfer Denied June 16, 1987.

Sean D. O'Brien, Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

PRITCHARD, Presiding Judge.

By the verdict of a jury appellant was found guilty of the crimes of rape, robbery in the first degree, and sodomy. Consecutive sentences were imposed of thirty, twenty and thirty years imprisonment respectively.

The disposition of this appeal turns upon an analysis of the time periods in this case during which appellant was not brought to trial and the time periods set forth in the Interstate Agreement on Detainers, § 217.-490, RSMo (L.1982, H.B. No. 1196, § A(§ 86).

Appellant was arrested on April 21, 1980, in Indianapolis, Indiana, on charges arising out of the state of California. On May 7, 1980, one of the victims of the instant crimes, Ray Gibson, identified appellant in a lineup held in the Marion County, Indiana jail. In Platte County, Missouri, complaints were filed on May 9, 1980, charging appellant with rape, robbery and sodomy, allegedly occurring on March 23, 1980. On October 30, 1980, he was extradited from Indiana to California, and the Platte County prosecutor lodged a detainer against him in the latter state. Appellant began serving a California sentence on January 12, 1982, and while there in prison, he initiated a request for the disposition of the Missouri charges under § 217.490, which was timely received by Missouri authorities.

From January 5, 1982, until he was returned to Missouri on January 12, 1983, appellant was ordered held by Judge Leonard McBride, of the Superior Court of Orange County, California, as a witness in an unrelated crime. That retention was held to have tolled the running of the time for return to Missouri in *State ex rel. Taylor v. McFarland*, 675 S.W.2d 868, 874 (Mo. App.1984) because relator was unable to stand trial in Missouri, and the preliminary rules in prohibition were quashed.

It was noted at page 874 of *Taylor v. McFarland*, supra, that after appellant was returned to Missouri he was not placed on trial within 180 days, which time period would have expired on July 11, 1983, and trial was scheduled to commence on October 3, 84 days later. It was noted that this court's stop order was issued on September 30 and the preliminary writ of prohibition was issued October 13, which suspended the proceedings after that time, but that more than the (prior) 84 days excess was accounted for by pretrial motions filed by defendant, including application for change of judge and change of venue, and by necessary and reasonable continuances, allowed by Article III, Para. 1 of the Agreement. Appellant states in his brief that he does not wish to relitigate or challenge the holding of *Taylor v. McFarland*, so the focus of this appeal is upon the time period after October 9, 1984, when that opinion became final.

On August 30, 1983, appellant filed a motion to dismiss the charges pursuant to § 217.490, which motion was overruled by the court on the same day. It was thereafter that appellant filed his petitions for writs of prohibition in *Taylor v. McFarland*, supra, and that case pended until it became final by the Supreme Court's denial of transfer to it on October 9, 1984. Appellant concedes that the time of pendency of this writ case was excludable from the time periods of § 217.490, as well as the time that he was held in California under a court order, and was thus unable to stand trial.

From October 9, 1984, until the trial commenced on July 15, 1985, about 276 days had elapsed. The question descends to whether there were any intervening facts or circumstances which, after October 9, 1984, would further toll the running of the 180 day period of § 217.490, during which trial must be had. The state claims that after this court quashed the preliminary rules in *Taylor v. McFarland*, supra, appellant's counsel represented to state's counsel that he was going to seek relief in

the Federal Court if the Supreme Court denied transfer, which it did on October 9, 1984. The state does not explain how the representation of appellant's counsel prevented it from requesting a trial setting and obtaining same, thus placing the onus upon appellant to seek Federal Court relief and to request a continuance because of any pendency of such proceedings. Appellant, however, quite apparently did not seek Federal Court relief or any continuance, but instead filed a motion, on November 10, 1984, for a speedy trial under § 545.780 RSMo (Supp.1984), which requires the court to set the case for trial as soon as reasonably possible thereafter. By the motion for speedy trial, it should have been made plain to the state that appellant had not sought and would not seek Federal Court relief, and his counsel's previous representation that he would do so affords no basis for delay of the trial after the motion was filed, which dispelled any reasonable belief that the representation would be carried out. The trial court thereafter set the case on May 16, 1985, for trial on July 15, 1985. On May 16, 1985, appellant moved to dismiss the case on the basis of a violation of the Interstate Agreement on Detainers, § 217.490, supra, which motion was overruled.

After relator, Taylor, filed his petition for writ of prohibition, this court issued its "stop order" by which the respondent judge was directed to refrain from proceeding to trial or any other action in the two underlying cases pending further order of this court. A "stop order" is simply a temporary instrument of expediency used by the court to hold underlying proceedings in status quo until the court decides whether to issue or deny a preliminary rule and to receive suggestions from the parties which may be of aid in making the decision. If a preliminary rule issues, which was the case in *Taylor v. McFarland,* supra, the stop order merely merges into it, and if the rule is quashed, which was done in the *Taylor* case, that quashal wipes out all prior orders. Respondent makes the claim in an attempt to justify the delay that it had a good faith belief that this court's stop order was still in effect after the

quashal of the preliminary rule was made a final judgment in *Taylor v. McFarland,* on October 9, 1984. That is not a reasonable belief as to the well known function of a stop order, but even if it were, it was not until April 23, 1985 that the prosecutor filed a motion in this court to release the stop order, which motion was overruled on May 2, 1985, as moot. If there had been any doubt at all as to the efficacy of the stop order, it could have been settled by a much earlier inquiry, so as to bring home the fact that the case had to be tried within 180 (or 120) days after the tolling periods had ceased to operate. The mistaken beliefs that appellant was going to seek Federal Court relief, or what the effect of this court's initial stop order was, affords no justification for the delay in trying appellant, and respondent cites no case holding that such justification may exist.

Article III, Para. 1., of § 217.490, provides that a person must be tried within 180 days after he shall have delivered to the prosecutor and the court written notice of the place of his imprisonment and his request for a final disposition to be made of the charges. Article IV, Para. 3., of § 217.490, provides that trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state. Thus, by these provisions, there are two time periods which control the time of trial. Under neither the longer nor the shorter period was appellant timely brought to trial, and under both provisions, if trial is not had within the time periods the Articles mandate that the court shall enter an order dismissing the charges with prejudice.

It is unnecessary to rule whether the 120 day period of Article III, Para. 3, applied because quite apparently there has been a violation of the 180 day period of Article III, Para 1. Nor is it necessary to rule whether the Speedy Trial Act, § 545.780, applied. The mandatory nature of an order dismissing charges for violation of the Interstate Agreement on Detainers has been decided in these cases: *State ex rel. Saxton v. Moore,* 598 S.W.2d 586, 592[5] (Mo. App.1980), where the court also said, "It is not incumbent upon the accused, in order

to show entitlement to a dismissal, that he show prejudice. [Citing cases.]"; *State v. Smith*, 686 S.W.2d 543 (Mo.App.1985); and *State ex rel. Hammett v. McKenzie*, 596 S.W.2d 53, 54 (Mo.App.1980), where it was said that where § 217.490 [formerly 222.-160] is applicable and a defendant is not tried within 180 days, and no good cause [as here] is demonstrated as to why trial was not conducted within that limitation, the court loses jurisdiction over the defendant and the offense charged. Although the crimes here are of heinous nature, see the facts of the companion case, *State v. Jon Marc Taylor*, 655 S.W.2d 633 (Mo.App. 1983), there is no alternative here but to order that the charges against appellant be dismissed with prejudice. There is further no necessity, in view of the result reached, to consider other points presented.

The judgment is reversed and the case is remanded with directions to dismiss the instant three charges with prejudice, and to discharge appellant from the convictions and sentences thereunder.

All concur.